UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BALAI HARDAWAY, )
 )
 ) Case No. 16-4184
 )
DR. KUL SOOD, et al., )
   Defendants )

MERIT REVIEW AND CASE MANAGEMENT ORDER

    This cause is before the Court for merit review of the Plaintiff's complaint and consideration of his motions for appointment of counsel. [5, 6].

    The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a pro se prisoner, says his constitutional rights were violated at Henry Hill Correctional Center by Medical Director Dr. Kul Sood, Dr. Ritz, Dr. R. Gilliam, Dr. Roy Bak, Dr. Sue, Warden Stephanie Dorethy, Department of Healthcare and Family Services Representative Julie Hamos, Wexford Healthcare Representative Daniel Conn and Illinois Department of Corrections Director John Baldwin.

    Plaintiff suffered from Active Thyroid Grace Disease which caused his eyes to bulge. Nonetheless, the Medical Defendants repeatedly delayed necessary surgery or provided inadequate care which led to the loss of vision in his right eye. Plaintiff also says he still suffers pain in his left eye.

1

To demonstrate an Eighth Amendment violation, Plaintiff must show he suffered from a serious medical need and the Defendants were deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The Seventh Circuit has explained "the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" qualifies as an objectively serious medical condition. *Hayes,* 546 F.3d at 522–23. "To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind." *Petties v. Carter*, --F3d--, 2016 WL 4631679, at *3 (7th Cir. Aug. 23, 2016) *citing Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). In other words, "a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Petties,* 2016 WL 4631679, at *3 (emphasis in original) *citing Farmer v Brennan*, 511 U.S. 825, 844 (1994).

For the purposes of notice pleading, Plaintiff has articulated a claim against Medical Defendants Dr. Sood, Dr. Ritz, Dr. Gilliam, Dr. Bak, and Dr. Sue. However, the Plaintiff has not clearly stated a claim against the remaining non-medical Defendants.

In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). ). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Finally, "[i]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that this prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218 (3rd Cir. 2004); *see also Williams v. Cearlock*, 993 F.

Supp. 1192, 1197 (C.D. Ill. 1998)( prison administrators without medical expertise "must rely on health care professionals to assess the needs of prisoners and initiate treatment.").

Plaintiff has failed to allege the direct involvement of the Defendants in his allegations, and his attached grievances demonstrate the non-medical Defendants verified Plaintiff was receiving continued medical care. Therefore, the Court will dismiss Defendants Warden Stephanie Dorethy, Department of Healthcare and Family Services Representative Julie Hamos, Wexford Healthcare Representative Daniel Conn and Illinois Department of Corrections Director John Baldwin.

Plaintiff has also filed two motions for appointment of counsel. [5, 6] Plaintiff does not have a statutory or constitutional right to appointment of counsel in this case. In deciding the issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has demonstrated some effort to find counsel on his own, so the Court must move on to the second inquiry.

Plaintiff alleges he has limited education. Nonetheless, Plaintiff's complaint is literate and on-point, coherently setting forth the factual basis of his claims and describing in detail the pain he experienced and the defendants' responses to his pleas. In addition, Plaintiff has attached some relevant exhibits to his complaint. Although his case appears to involve what may be a complex medical condition, Plaintiff should be able obtain his medical records to corroborate his medical problems and he can testify personally to the pain he experienced, his attempts to obtain help, and the responses he received. All of which can be used to show evidence of deliberate

indifference.  *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).  Finally, the Court will enter a scheduling order once the Defendants have been served which will require the parties to provide each other with relevant discovery.  Therefore, based on the current record, the Court finds the Plaintiff is competent to represent himself and his motions are denied with leave to renew. [5, 6].

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Dr. Sood, Dr. Ritz, Dr. Gilliam, Dr. Bak, and Dr. Sue violated his Eighth Amendment rights when they were deliberately indifferent to his eye condition. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Warden Stephanie Dorethy, Department of Healthcare and Family Services Representative Julie Hamos, Wexford Healthcare Representative Daniel Conn and Illinois Department of Corrections Director John Baldwin for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motions for appointment of counsel with leave to renew, [5, 6]; 3) Deny Plaintiff's motion for a status update as moot. [7]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 12th day of December, 2016.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE